Informal Opinion David D. Scaglione, Esq. Town Attorney Town of Willsboro Town Hall Willsboro, New York 12996
Dear Mr. Scaglione:
You have requested an opinion as to whether the Willsboro town clerk may be appointed school tax collector by the board of education for the Willsboro Central School District, comprised of the Towns of Willsboro and Essex. You have advised us that the Town of Willsboro does not have an office of tax collector or receiver of taxes. The town clerk, elected to a two year term, is responsible for the collection of annual State, county and town taxes. In addition to performing these responsibilities, the town clerk would like to be considered for appointment as school tax collector. You indicate that the town board does not object to appointment of the clerk to serve as school tax collector.
The Towns of Willsboro and Essex are located in Essex County, and both are towns of the second class.[1] Under the provisions of Town Law § 36(1), where a town of the second class has abolished the office of tax collector or receiver of taxes, the collection of State, county, and town taxes and assessments is transferred to the town clerk.
The Willsboro Central School District has the same powers and limitations as union free school districts. Education Law § 1805. It is within the power of the board of education to appoint a school district tax collector who will serve at the pleasure of the board. Education Law § 2130(4). The school district tax collector is a "school officer" and is required to be a qualified voter of the school district. Education Law §§ 2(13), 2102.
As discussed in a telephone conversation, the crux of your inquiry is whether the position of town clerk is compatible with the position of school tax collector. Absent a constitutional or statutory prohibition against dual office-holding, one person may hold two offices simultaneously unless the offices are incompatible. In People ex rel.Ryan v. Green, 58 N.Y. 295, 304-305 (1874), the Court of Appeals stated, in relevant part:
 Incompatibility between two offices, is an inconsistency in the functions of the two; as judge and clerk of the same court — officer who presents his personal account subject to audit, and officer whose duty it is to audit it. . . . Where one office is not subordinate to the other, nor the relations of the one to the other such as are inconsistent and repugnant, there is not that incompatibility from which the law declares that the acceptance of the one is the vacation of the other. . . . The offices must subordinate, one the other, and they must, perse, have the right to interfere, one with the other, before they are incompatible at common law.
Thus, two offices are incompatible if there is an inconsistency between the two, which can be revealed upon an analysis of the duties entailed, or where one office is subordinate to the other.
It should be noted that there are two related aspects of compatibility. Op Atty Gen (Inf) Nos. 97-22, 97-9. First, although the common law rule is limited to public offices, the principle can be applied to cover an office and a position of employment. Second, although the positions are compatible, a situation may arise where one has a conflict of interests created by a simultaneous holding of two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter. If such a conflict is inevitable and substantial, there may be an inherent inconsistency in the positions.
We see no basis for incompatibility between the position of town clerk and school tax collector. Neither position is subordinate to the other. Nor is there a conflict between the duties of the two positions. Both the town clerk, as State, county and town tax collector, and the school tax collector have a common interest in the collection of assessed taxes.
Therefore, we conclude that the town clerk may be appointed tax collector for the school district.
The Attorney General renders formal opinions only to officers and department of the State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JULIA RYAN CHRIST
Assistant Attorney General
[1] Under Town Law § 10, a town of the second class has a population of less than ten thousand whereas a town of the first class has a population of ten thousand or more. The Association of Towns has advised that the decennial Federal census, taken in 1990, indicated that the Town of Willsboro had a population of 1,736 and the Town of Essex had a population of 676.